[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Alexander Washington-Riley,

   Plaintiff(s),

vs.

City Of Chicago; Chicago Police Officers: Durand Lee (18858)

   Defendant(s).

Kevin Drumgoole (19057)
Sgt Dwayne Johnson (1505)

RECEIVED
SEP 13 2019 AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.: 19cv6160
Judge: Martha M. Pacold
Magistrate Judge: M. David Weisman

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a pro se plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1.  This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2.  The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3.  Plaintiff's full name is Alexander J Washington-Riley.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4. Defendant, __(attached)__, is
   (name, badge number if known)

   ☐ an officer or official employed by __Chicago Police Department__
   (department or agency of government)
   _____or

   ☐ an individual not employed by a governmental entity.

   *If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official acted is_____. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

6. On or about __05/06/2011__, at approximately __10:36__ ☒ a.m. ☐ p.m.
   (month, day, year)
   plaintiff was present in the municipality (or unincorporated area) of _____
   __Chicago, IL__, in the County of __Cook County__
   State of Illinois, at __5409 S Laflin, Chicago IL__,
   (identify location as precisely as possible)

   when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

   ☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
   ☐ searched plaintiff or his property without a warrant and without reasonable cause;
   ☐ used excessive force upon plaintiff;
   ☐ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
   ☐ failed to provide plaintiff with needed medical care;
   ☐ conspired together to violate one or more of plaintiff's civil rights;
   ☒ Other: __attached__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: (*Leave blank if no custom or policy is alleged*):_____

_____

_____

_____

8. Plaintiff was charged with one or more crimes, specifically:

   Delwery manufacter of heroin

_____

_____

_____

9. (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*) The criminal proceedings

   ☐ are still pending.

   ☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

   ☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows_____

   _____

   ☒ Other: attached_____

---

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

attached

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

attached

13. Plaintiff asks that the case be tried by a jury. ☑ Yes ☐ No

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *[signature]*

Plaintiff's name (print clearly or type): Alexander J Washington Riley

Plaintiff's mailing address: 8242 S California

City Chicago  State IL  ZIP 60652

Plaintiff's telephone number: (224) 592-0463

Plaintiff's email address *(if you prefer to be contacted by email)*:

Alexander.Riley90@gmail.com

15. Plaintiff has previously filed a case in this district. ☐ Yes ☒ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DIVISION OF ILLINOIS

| | |
|---|---|
| ALEXNADER J WASHINGTON-RILEY | ) |
| PLAINTIFF(S) | ) |
| VS | ) |
| CITY OF CHICAGO, CITY OF CHICAGO POLICE | ) |
| OFFICERS; KEVIN DRUMGOOLE (STAR # 19047) | ) |
| DURAND LEE (STAR #18858) & SGT DWAYNE JOHNSON | ) |
| (STAR NO. 1505) | ) |
| DEFENDANT(S) | |

## COMPLAINT

Plaintiff Alexander J Washington-Riley brings the following complaint against defendants THE CITY OF CHICAGO, & CHICAGO POLICE OFFICERS; Officer Durand Lee Star #18858, Officer Kevin Drumgoole Star #19047 & Sergeant Dwayne Johnson Star #1505.

1.) This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution

2.) This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

## PARTIES

3.) Plaintiff full name is Alexander J Washington-Riley who is a resident in the state of Illinois. At the time of the arrest, Plaintiff was operating a media/marketing company based in Chicago Illinois of Cook County. Plaintiff started the company in April of 2011.

4.) At all times relevant to this Complaint a Chicago Police Officer Durand Lee (Star No.18858) acting under color of law and within the scope of his employment. Defendant Lee is sued in his individual capacity.

5.) At all times relevant to this Complaint a Chicago Police Officer Kevin Drumgoole (Star No.9047) acting under color of law and within the scope of his employment. Defendant Drumgoole is sued in his individual capacity.

6.) At all times relevant to this Complaint a Chicago Police Sergeant Dwayne Johnson (Star No.1505) acting under color of law and within the scope of his employment. Defendant Johnson is sued in his individual capacity.

7.) Defendant the CITY OF CHICAGO is a political subdivision of the State of Illinois. At the time of the events giving rise to this Complaint, the City of Chicago was the employer of Defendants Lee, Drumgoole & Johnson who acted pursuant to the City's policies and practices. As the employer of the Defendant Officers, the City of Chicago is liable for their torts under the doctrine of respondeat superior.

## FACTS

8.) An Arrest warrant for Plaintiff was filed for delivery of controlled substance May of 2011. The occurrence happened on May 6th, 2011 which consisted of an undercover officer buying narcotics at 5904 S Laflin, Chicago in Cook County during a long- term investigation. Defendant Lee detained the seller, described as a male black wearing a baseball cap, brown jacket and dark blue jeans. The individual gave Defendant Lee a Mississippi State Identification card that identified him as Alexander C Riley DOB 2/7/85. Plaintiff never owned a state ID from Mississippi. Plaintiff DOB is 6/11/1990. The Defendant Officers send the information to Sgt. Johnson who assembled a photo array with the Plaintiff picture in the lineup and the seller Alexander C Riley was not in the lineup array at all. Defendant Officers Drumgoole & Lee picked Plaintiff out the photo array which Sgt. Johnson processed to get a warrant.

9.) Plaintiff was arrested 2 years later on August 24, 2013 in a traffic accident.

10.) Plaintiff was tried and found guilty on November 19, 2014. Plaintiff was sentenced to probation on March 16, 2015. The probation was satisfactorily terminated September 14, 2017.

11.) Plaintiff was found guilty based on Defendants Officers pointing Plaintiff out in the courtroom and giving full description of Plaintiff and what occurred during the transaction between the parties. Defendant Drumgoole even described what the plaintiff was wearing the day of the alleged crime even after more than 3 years. Defendant Lee confirmed that he apprehended the correct person who made the narcotics transaction with Defendant Drumgoole. Defendant Lee then pointed out plaintiff in court and testified he obtained a Mississippi identification from the seller and recorded the information from the Identification card to a contact card to send to Defendant Johnson. Defendant Johnson testified & verified the information based on what officer Drumgoole & Officer Lee provided to the court was accurate. Defendant Johnson also pointed out Plaintiff in the court as well to confirm that he was the person who fellow defendants confirmed that the seller to Defendant Drumgoole. The Judge quoted had no choice but to side with the officer's testimony.

12.) Plaintiff counsel only presented the evidence in court & plaintiff only followed the direction of his counsel at the time which also directed plaintiff to go the option of bench trial instead of a jury of his own peers.

13.) The trial & process leading up to the trial from the moment of the arrest affected the plaintiff mental state which in return had his court appearance not the appearance the client would normally present himself. The judge over the trial made several comments throughout the continuances about his appearance leading up to the trial. Plaintiff also had distorted memory on certain events around the time of what time exactly he arrived home after leaving CCDOC due to his mental state & drug use.

14.) On September of 2018 Plaintiff submitted an application for the Cook County State's Attorney Conviction Integrity unit to get conviction vacated due to having alibi. Plaintiff was not able to present this evidence in court at the time of the trial due to the social media platform "Twitter" not having the ability to locate specific tweets to specific dates to confirm the plaintiff location and whereabouts. When plaintiff was able to locate information regarding his whereabouts on May 6, 2011. Furthermore he also sent FOIAs

to CCDOC & Chicago Police Department as well to get reports, visitation times, etc. Plaintiff precious counsel for this case was confident the case would be thrown out due to mistaken identity. He also subpoenaed the Mississippi Department of Public Safety Driver Services after trial to get his Identification picture that the defendants used to get Alexander C Riley information, but officers said that he wasn't the individual that sold him drugs when Assistant States Attorney Presented this information to Officers after the trial.

15.) Defendant Officers Lee & Drumgoole Testified in court under oath that Plaintiff engaged with officers in an undercover buy knowingly Plaintiff was never at the scene of the crime. Even When presented evidence of Alexander C Riley Identity and Picture from the ID they took from the scene in a post-trial motion, Defendant Officers continues to confirm it was the Plaintiff who sold them narcotics when the plaintiff was never at the scene in any way. Based on the Defendants testimony, the judge found the plaintiff guilty based on their testimony.

16.) As a result, On January 22, 2019 Plaintiff conviction was vacated due to Plaintiff alibi being accurate of his location at the time in question for the undercover buy.

## PLAINTIFF DAMAGES

17.) Plaintiff was convicted of a felony & placed on probation for 30 months. Plaintiff also had to also do multiple narcotics & psychological evaluations through Cook County Health Service. Plaintiff was also sent to a 120 day west care drug program for 120 days in cook county jail in maximum security division with which he endured confrontations with fellow inmates due to not adapting and fitting in with fellow inmates who allegedly did criminal activity such as first degree murder & attempt murder. Plaintiff was also sent to solitary confinement for 7 days for complaining to the correctional officers about heating conditions in the sleeping area.

19.) As a result to plaintiff having a felony on my background. It was not only difficult for plaintiff to not only find housing or office space in the area due to narcotics felony when going through background checks when applying for property lease or rental. Plaintiff was denied multiple opportunities to be approve for apartment applications by management or the building's condo association due to my background specifically and this charge. This resulted in Plaintiff being homeless and sleeping on CTA trains multiple times since being arrested.

20.) Plaintiff started a media company called "The Smoke booth" which was a media platform to provide music visual videos on "The Smoke booth" YouTube page & artist platforms alike, marketing on social media such as videos, graphic designs also schedule post on social media platforms like twitter, Instagram & Facebook. Plaintiff Company also provided management to music Artist as well. Plaintiff has done work with brands such Adidas, epic records, Google & various local music venues/concert promoters in the cook county area.

21.) Plaintiff had revenue coming in the form of from clients who compensated plaintiff for production, shoot & edit music videos, mini documentaries & concert footage from artist performance, or events of grand openings, fashion shows, parties & music concerts for local and worldwide brands alike. in the amount range of $800.00 (Eight Hundred Dollars) to 1700.00 (seventeen hundred dollars) in the form of cash, check or direct deposit by accepting fifty percent after shooting the video then completed payment of the other fifty percent of payment once video is edited & completed. Between the time period of May 2013 until May 2016

22.) Plaintiff also had revenue coming in from commercial contractual jobs with corporations to do freelance jobs as well with the highest plaintiff was paid $24,000 twenty four US Dollars over the course of 3 months to do a freelance photography job based in aurora Illinois

23.) Plaintiff has a YouTube user platform profile under the email @Smoke Booth that was used to upload videos the plaintiff completed for his clients is amassed over 80,000 subscribers at its peak, 12 million views & 12,341.84 twelve thousand three hundred forty one dollars and eighty four cent in ad revenue.

24.) Plaintiff shot over 85 music videos, YouTube commercials, documentaries or photoshoots in the transaction of finances for the return of the media product plaintiff produced in the time between May 2011 to the time of his arrest

25.) At the time of the Arrest, throughout the process of the trial & post trial Plaintiff brand "the smoke booth" was reaching a bigger audience and gaining a traction fan base for the brand itself so were in the process of upgrading the brand to sell merchandising doing more content and start bringing music concerts to venues in Chicago but everything was put on a halt and loss the traction of the audience. Plaintiff started losing ad revenue & YouTube subscribers that became unsubscribed to plaintiff's YouTube page due to lack of media content being posted, which could not be done due to plaintiff trying to figure out the outcome of trial.

26.) Once the trial was done in 2015 the plaintiff resources that was available prior to his arrest weren't available anymore. Plaintiff didn't have funds or video equipment to do anything media related. Plaintiff had to sell camera and equipment in order to stay afloat due to desperate times.

27.) Plaintiff production went down & he only shot up to 30 music videos, YouTube commercials, documentaries or photoshoots in the transaction of finances for the return of the media product plaintiff produced between the time of his arrest and post-trial.

28.) Plaintiff did management for Local Chicago Artist now deceased Derrick Coleman also known as Fredon Santana who hired Plaintiff in September of 2012 as a photographer but later was promoted to a personal assistant/Day to Day management who had the tasks of assisting the artist complete everyday tasks whether it be simple home issues to travel arrangements for a show performance, make social media post, and/or accompanying him out of town on the trip as well.

29.) Once Plaintiff was arrested and was processed through trial plaintiff had to resign from job in July 2015 due to travel restrictions once Coleman relocated to California and plaintiff could not travel to California or anywhere in that matter in regards to management or media opportunities presented to "the smoke booth"

30.) Once Plaintiff was completed his probation and rehired to work with Coleman if able to travel to California, Coleman passes away in January of 2018 so the employment opportunity was canceled.

31.) In 2013 the year of arrest, plaintiff had an income of over $40,000.00 forty thousand US Dollars coming in. Up to 30 thousand in revenue on his 2013 taxes from freelance jobs & YouTube ad revenue also over ten thousand in cash flow from freelance jobs. In 2018 post-conviction & arrest plaintiff had an income of up to 6,000 six thousand dollars coming in from 2 employers.

32.) Plaintiff also used a Tumblr website platform to create a blog to spread awareness and information in regards to medical marijuana reform in his state of Illinois & was also a member of ILLINOIS NORML who went to lobby and speak to state reps and senators to change their opinion on medical marijuana. Plaintiff had ambitions and dreams of being employed and working in the marijuana industry once it was regulated in the state of Illinois. But due to his arrest and conviction plaintiff was not able to pursue his dreams to work in the industry to this felony on his background.

33.) As a result of his wrongful incarceration, Plaintiff opportunities he had made for himself was taken away from him & was left with hardly any resources, funds or anything he acquired. Everything worked for was gone after the arrest & trial. The plaintiff Trajectory for success & maintaining the media business afloat was on the rise but was taken away due to being wrongfully convicted. The freelance work opportunities that the plaintiff came across will never happen again and the window to take advantage of the opportunities or gone. The plaintiff cannot work with his Client Mr. Coleman due to his passing.

34.) As a result of the foregoing, Plaintiff has suffered severe emotional distress, exacerbation of existing mental illness, extreme anxiety, thoughts of suicide, and physical sickness and injury. Plaintiff also developed a serious marijuana and prescription drug use. Also plaintiff is very sarcastic and paranoid when dealing with Chicago Police Officers even in the smallest instances if plaintiff needed to ask officers for directions or anything. He even gets high anxiety in the presence of police officers.

## COUNT I 42 U.S.C. Section 1983

35.) Each of the foregoing Paragraphs is incorporated as if restated fully herein

36.) As more fully described above, Officers Lee & Drumroll chose plaintiff out of a photo array without the picture of Alexander C Riley in the lineup after seeing his Identification a little over an hour ago after interaction with Alexander C Riley.

37.) The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

38.) As a result of Defendants' misconduct, Plaintiff suffered injuries including mental anguish & emotional distress throughout the entire process from the moment he was arrested on August 24, 2019 tile this present day.

## COUNT II Illinois Malicious Prosecution

39.) Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40.) Defendant Officers caused criminal proceedings & conviction against Plaintiff to be commenced and continued without probable cause for the crime charged.

41.) Defendant Officers acted with malice and with willful and wanton disregard for the truth.

42.) Plaintiff conviction was vacated of the charge in a manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

43.) As a result of Defendants' misconduct, Plaintiff suffered injuries including emotional distress & mental anguish.

44.) Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

45.) At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding compensatory damages for the injuries that he has suffered, costs and reasonable attorneys' fees, and punitive damages against the Defendant Officers and all such other relief as this Court finds just and equitable. **PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted

*[signature]* 9/13/19

_____
**ALEXANDER J WASHINGTON-RILEY**