## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Alexander Washington-Riley, | Civil Action No. 19-cv-06160 |
| Plaintiff, | Judge Martha M. Pacold |
| v. | |
| City of Chicago, et al., | |
| Defendant. | |

## MOTION TO WITHDRAW FROM ASSIGNMENT
## PURSUANT TO LOCAL RULE 83.38

Plaintiff's recruited counsel, José Isasi ("Counsel"), respectfully moves this Court for leave to withdraw as recruited counsel for Plaintiff Alexander Washington-Riley ("Plaintiff"), pursuant to Northern District of Illinois Local Rule 83.38. In support of this Motion, Counsel states as follows:

1. On September 13, 2019, Plaintiff filed a complaint against the City of Chicago and three Chicago Police Officers, claiming violations of federal and state laws. ECF No. 1 & 9.

2. On September 13, 2019, Plaintiff filed a motion for attorney representation. ECF No. 5. On October 7, 2019, the Court granted Plaintiff's motion and recruited Counsel to represent Plaintiff. ECF No. 8.

3. Counsel is a partner at the Jones Day law firm ("Jones Day").

4. Jones Day is presently counsel for the City of Chicago, a defendant in this case. The City of Chicago declined to waive any conflict that this action may present.

5. Jones Day also serves as general counsel for the City of Chicago Police Board ("Police Board"). While the Police Board is not a party to this action, the Police Board is an independent civilian body that decides disciplinary cases involving Chicago police officers. The

Police Board is appointed by the Mayor of Chicago with the advice and consent of the City Council.[1]

6.     The alleged misconduct of the three Chicago Police Officers that are named defendants in this action is potentially under the purview of the Police Board.

7.     On October 15, 2019, Counsel met with Plaintiff and explained the nature of the conflict with him.

8.     Northern District of Illinois Local Rule 83.38, Relief from Assignment, provides in relevant part:

> (a) After assignment counsel may move for relief from an order of assignment only on the following grounds or on such other grounds as the assigning judge finds adequate for good cause shown:
> (1) Some conflict of interest precludes counsel from accepting the responsibilities of representing the party in the action.

9.     Rule 1.7 of the Illinois Rules of Professional Conduct states that "a lawyer shall not represent a client if . . . the representation of one client will be directly adverse to another client."

10.     Given these circumstances, a conflict exists that precludes Counsel from representing Plaintiff, inasmuch as he is directly adverse to the City of Chicago—an existing Jones Day client which has declined to waive any conflict presented by this action.  Additionally, it is reasonably foreseeable that another current Jones Day client, the Police Board, may play a significant role in this action.

WHEREFORE, Counsel respectfully requests that the Court grant its motion to withdraw from assignment as counsel for Plaintiff Alexander Washington-Riley and for such further relief as the Court deems necessary and appropriate.

---

[1] https://www.chicago.gov/city/en/depts/cpb.html

Dated: October 19, 2019          Respectfully submitted,

*s/ José Isasi*

José Isasi
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: 1.312.269.4083
Facsimile: 1.312.782.8585
jisasi@jonesday.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 19, 2019, I caused the foregoing *Motion To Withdraw From Assignment Pursuant To Local Rule 83.38* to be filed with the Clerk of the Court using the CM/ECF system.

I further certify that I caused a copy of the same to be e-mailed to Plaintiff Alexander Washington-Riley on October 19, 2019.

*s/ José Isasi*
José Isasi
